Good morning. Welcome to the Fourth Circuit. As you can see, we're still in some variation of COVID protocols, but we're glad to be here and ready to hear argument in our first case, De Jimenez v. Garland. Mr. Fernandez, we'll be glad to hear from you. Good morning, Your Honor. May it please the Court, my name is Chris Fernandez. I'm with the law firm of K&L Gates, and I represent the petitioners in this matter, Honor Gloria Santos-De Jimenez and minor child AJ. I will refer to them collectively either as Honor Gloria or petitioner, just for ease. The argument that I wish to make today is twofold, maybe just focusing on one issue that the Court has asked us to focus on, which is whether or not the three days of federal rule of appellate procedure 26C applies to the filing of a petition for review, and I would like to argue that, and if the Court wants to hear some argument on the merits, I'm prepared to make that argument as well. But first, I'm going to turn to the rule 26C argument, and as the government has pointed out, there's quite a few cases that have determined that rule 26C does not apply, and they're making that determination primarily, it appears, it's not that any court has gone into great depth and usually give it a couple sentences in their order, but what they do is they look at 8 U.S.C. 1252B, and they say, well, facially, the statute does not say anything about service, and the petition for review must be filed not So why wouldn't we stop right there? Well, I think if you stop right there, Your Honor, what you do is you ignore the reality of the Code of Federal Regulations and the reality that if a petitioner is going to act, they have to be delivered service. That's a regulation. If the statute's playing, what difference does it make what the regulation says? Well, I think the statute, if you're looking at what you're trying to do when you're looking at the statute, is looking at what date of the final order means, and what we believe that the meaning of that phrase is the date that the order is served, because otherwise, there could be no 30-day period. Well, Congress says in other places in the Immigration Code, it makes references to not. What also it did not do was say exclude three days from service, and when courts Why would it need to do that? If the statute says 30 days after the date of the final order, I'm still not understanding why that isn't the beginning and the end of all. Right, and I think that's a shallow interpretation of the obligation. I think the government, we can see, I think anybody can see, what if the order is never served? So it's just an order, no one serves it. I think the answer is there that you couldn't file a petition for review, and the period wouldn't begin to run. Why couldn't you? Why not? So imagine it wasn't provided, right? You can still have information about it, right? The fact that it was served or not, if you have actual notice of it, maybe if you have no notice, that's a different question, but if it was not served properly, but you knew of it, you agree you could file? Absolutely, Your Honor. Doesn't that suggest to us that it really doesn't have anything to do with service? Service as a technical term? That may be one way of looking at it, but the Board of Immigration Appeals only provides notice of its orders via U.S. mail. There is no electronic filing. There's no place I could go to look and check to see that I know of that an order has been filed. In other words, I have to get that order in the mail. If a district court is doing something... You don't contend here that Ms. De Jimenez didn't receive the order? I do not, Your Honor. Absolutely. The order... Aren't the cases that look at some other date, aren't those cases where it went to the wrong address, never was sent out? Factual scenario we don't have in this case. Correct. When the courts look at that factual scenario, there's one case where the BIA didn't put a prisoner number, which was required to get the order to the prisoner. The prisoner did not actually get service. Once the BIA corrected that and effectuated service, then the court determined that's when the 30-day period began to run. So can I ask you about that? If we took your... Just for a minute, the federal rule here applies and somehow trumps the statute. What do you do then with subsection B? Even in the example you get it for whatever reason, whoever is to blame. Rule 26B says that a court may not extend the time to file a notice of appeal in an agency action. There's an agency action, and so the court... If we had the very example you give, it just never got to your client. She has no idea. Right. Right. How does a court extend the time frame in that case, given 26B? So the court... What the court ought to do is determine the date of the final order means the date of service. So it's not an extension. It's actually looking at the date of the final order. That's the date that the order is served. So if the order is served to a to someone who is... I apologize there. So if the order is actually served at the correct address facially, and for some reason it goes awry, service was affected, that's the date of the final order. If the BIA doesn't serve it, serves it to the wrong address, then those 30 days you don't have the date of the final order because it's never been What do you do with the change that was made, I think it was in 96, from issuance of the order to the date of the order? I actually don't think the change impacts the argument I'm making. Well, it clearly impacts it, right? But I mean, we can't say that it's nothing, right? I mean, we're instructed to look at those types of substantive changes. They move from the issuance of, which means something, to the date of, which seems like something different than that. Your Honor, and what I meant to say is I don't think it negatively impacts the argument I'm making. And the reason is, is I think the date of issuance is actually more specific language, is that an order issues when the court signs it and puts it in the record. I would say that's what issuance means. I don't know exactly what issuance means, but taking the word issuance out, meaning the date of the final order, knowing that that order then has to be served, to me, that actually gives the court more flexibility in determining what the date of the final order means. And I think that- If we disagreed with that, do you agree that that, I mean, that seems like you, I mean, I understand you're making an argument. I'm not trying to be too difficult here, but it seems like you're getting that backwards, right? That the date of the order is more specific than the issuance of the order, because then we have to determine what the word much clearer, it seems to me. I think that the date of issuance- Issuance means to give, right? When we think about issuing something, we give or provide, right? And so maybe you interpret the word, as many courts did, the issuance of the order. Courts interpreted that to mean to give, right? That is to serve, or as an example of something, to give it is to issue an order, right? Is to give it to somebody. So that sounds like serve, but instead they change that to the more specific, the date of the order. Not when it's given, not when it's served, not when it's issued, not when you got notice of it, but the date of the order. Correct. And I look to try to see if I could look behind to the statutory history, or, you know, is there some way I could divine what Congress was intending by deleting the word issuance? And I couldn't find anything. I don't know what they intended, but I don't think it's fair for us to assume that deleting the word issuance somehow means that they're no longer talking about service. Because issuance and service to me are two completely different concepts. So what do you mean, what do you understand issuance to mean? You take issuance to mean signing the order? Yes, Your Honor. An order issues just means that an order to me, it more means entered in, and maybe I have an incorrect concept or interpretation of that word, but I don't think it's an obvious word that means service. Do you have any, is there any, are there dictionaries or courts or anybody that said that? It seems like the cases that I read interpreting issuance got that the other, interpreted it the other way, which is the way I would naturally understand issuance. If I sign an order today, but then I don't send it out until tomorrow because my assistant isn't there, it seems like to me the order was entered today, but it was issued tomorrow when it was actually sent out. Hence the word issue is to give or send. That sounds like service. No? I think there's a, there's clearly a difference between issuance and service. And I think courts looked at the words issuance, it goes well it does, it can mean give, and so we're going to stretch that. That's my whole, that's my whole to like go into here and get to the right conclusion, which is an order has to be served. But the statute never said served, it said Now that the word issued is gone, I still think that whole is there, the same exact whole in the statutory language that allows, I'm sorry I stepped away from the mic, that allows the court to determine that the date of the order is the date that the order is served, because that's really what gets everything in motion. And it's, this isn't a fairness argument, this isn't an equitable tolling argument, this is the order, the date of the order is the date that the order is served, because that's what gets everything in motion. And if you ignore service, right, if you, the courts that look at it say well the statute doesn't say service, we're not going to talk about service, Rule 26C doesn't apply, but yet every, every court agrees that the order must be served in some manner. The BIA only serves via mail, no other way of knowing about it, so 26C necessarily applies. Service matters, or it doesn't. So in your, in your view, the three circuits that have disagreed with that point of view were, they're just incorrect. Yes, Your Honor, because I don't think they looked at it all that hard, I'm not sure that, I'm not sure what arguments were advanced, I wasn't able to read the briefs, I'm not sure how they came to that opinion, I'm not sure what they looked at. So based on the scant few sentences that those circuit courts have written, yes, Your Honor, I think those decisions are ultimately incorrect. What do you do with the Fifth Circuit who has disagreed with you about this timing question, but in a different context where the order was never served or the held that, that that person can be excused because they didn't have actual notice? So the Fifth Circuit seems to hold, be able to hold your argument and the timing argument together at the same time. Right, and I think that's, I think that the court is twisting itself, you know, to try to reach a conclusion to say, well, no, we're not saying Rule 26C applies, but of course service matters because this person was never served and didn't have notice. And what I'm saying is come to the easier conclusion. If service matters and service has to be effected before you can look at this 30 days, then make it so. Read everything. Maybe the, I don't know if easier solution is your best argument, but the easier solution is Judge Agee's, right? We look at the text and the text says the date of the order and that controls in all contexts. Correct. Easy was probably my best word choice there, Your Honor. I would think that is the solution that reconciles reality with the holdings of the courts and so you're not, nothing is inconsistent. It's just that service matters and because service matters, Rule 26C applies. And there was no clear congressional intent that I can define to say that service must be excluded. All right, anything else you want to say to us right now? With respect to Rule 26C, that's what the oral argument said that we're talking about today. I can talk about merits if you would like something to hear. If that's something you're not interested in hearing oral arguments on, I am finished. All right, you've got some time left in rebuttal, so we'll now hear from the government. Ms. Green. May it please the Court, I'm Susan Green for the Attorney General. Your Honors, the only issue the Court should reach today is jurisdiction, or rather the lack of jurisdiction, because the petition for review was filed after the deadline and the statute specifies the deadline is 30 days after the date of the final order of removal. And further, the statute, the INA, also goes behind that and says the final order of removal is the determination by the board affirming the immigration judge's order. So Congress nailed it down and that is very important for jurisdiction to be perfectly clear that all the courts so far have all agreed that it is a 30-day deadline. It's very important for that to be clear for the very reason that we don't want these situations to arise. So what happened, this is not your case, but what happened in the situation where the order is entered as it was here and for whatever reason, whether it's a computer error or clerical error, the orders entered that day don't go to the alien's addresses. They go to a different set of alien's addresses. So the notice mailed to Ms. Jimenez didn't go to her, it went to her but the address in another state of another alien. So what happens in that case? Okay, two things. First, the minor thing is that I have to disagree that there's no other way to find out besides service because the board does have a telephone number that you can call, an 800 number. I mean, there are other ways to find out. But here's the main point. The main point is in 1996, Congress put a motion to reopen in the statute and that is the preferable remedy. It is the only remedy, I think, that you can go to the board, move to reopen, and say why. And the board, as I put a footnote about this in my brief, the board does entertain these motions to reopen and a motion to reissuance is treated as a motion to reopen and the board can address when it has made an error and it can even address other situations. It has addressed, for instance, ineffective assistance of counsel in these motions to reopen and so that is the remedy, Your Honor. So your answer is from the court's perspective, I just want to make sure I'm clear, the court's perspective is if it got sent to the wrong address, this court, because it is jurisdictional, has no authority to do anything about that. So the answer is we dismiss the petition for lack of jurisdiction. Your answer is, but that doesn't mean that there's no remedy, it just means it's an agency remedy, not a court remedy. Yes, Your Honor, exactly. Yes. So is that the position in effect that the Seventh Circuit took in Nowak? Yeah, I do remember that whether in Nowak they said that they said that the court was supposed to, according to INS v. Stone, the court was supposed to I don't recall for sure whether they discussed the motion to reopen in that bat. I mean, they probably did. Anyway, I think that is how it works and I looked in Westlaw, there are lots and lots and lots of motions to reopen or reissue and they're unpublished so the board doesn't have like a precedent discussing the criteria for a motion to reissue bat. I see lots of unpublished cases where they, the board does grant reissuance and I've seen lots of these in my career with the government where the board does reopen if it's somehow at fault and also, you know, that's not exclusively how they, you know, the only reasons for reissuance, but it is one and the problem is that the board was not at fault in this case and there's no evidence whatsoever that the order wasn't served as it was supposed to be and there's a presumption that the date on the letter is the date it was served and there is nothing rebutting that presumption. So I think this, so this is, your main point is it wouldn't have mattered if they served it five days later, right? So if they put it in the mail five days later You're, the real answer, I know you want to, I know you want to say that doesn't mean that, you know, it's bad, but the real answer is it doesn't matter. It literally doesn't matter. It's true. It's a, it would make a harder case. I mean, it would make a, not a harder case legally, but it would make one of those hard cases that tempts the courts to bend the rules and we don't have that here. Back before 1996, we kind of had that situation where, in situations where the the board had messed up and courts started like looking for ways to sort of get a different result and that was when they, some courts came up with this issuance interpretation saying that issuance means service and they looked behind and looked at the regulations, but the important thing is that it is so crucial for it to be very clear what the deadline is, that that's why all the courts that have looked at it have said you look at the provision that sets the deadline. You don't say, oh, well, we'll go and do a search of the, you know, the federal register and find out if there's something else that could affect it. No, it's simple. It's clear. It's on the face of the statute setting the deadline and that is 30 days. And so, you know, I think that, oh, I was going to say that before 1996, there was the circuit split because some circuits were saying, oh, issuance means service and then the Seventh Circuit said, no, it doesn't. So there was a circuit split and then Congress revised the statute. They repealed this, the language that had issuance. They adapted, they adopted this language that is as clear as it can possibly be. So I think Congress corrected the situation and, you know, I don't know if it's any, it also coincided that in the same statute, Congress added a statutory motion to reopen. Before that, that had always been a matter of agency practice but hadn't been in the statute. Now it's in the statute. So I think that they addressed the problem and I think that it would be not only, I mean, Ms. Sanchez's attorneys say that it's the weight of authority is against their position. I would say it's not only, it's all authority. It's the courts are unanimous that it is a 30-day deadline. If there are no questions, I think I've said what I have to say. I'll ask the court to dismiss the petition. All right. We thank you very much, Mr. Fernandez. You have some time in rebuttal if you'd like to. Thank you, Your Honor. I would just point out that in making the government's argument just now, Ms. Green, you know, keeps relying on presumption of service, presumption of service. And so, again, I think because service matters, I'm not sure what to say about the motion to reopen. Do you agree that a motion to reopen under the 1996 Act is statutorily permitted and that one of the grounds for doing that is the failure to receive actual notice? Yes, Your Honor. But what it, you know, I think when we look at that there's a presumption of service, service matters in the government saying that we need clarity. That's the whole point of Rule 26 of like, hey, if there's, if there is service and it's not affected electronically, then we add the three days. Adding three days to a 30-day period is pretty clear. I don't have anything further. All right. Thank you very much. We appreciate the argument of both counsel. And because we are COVID limited at this point, we cannot do what we traditionally do and come down and greet you personally. So we hope you'll return at some point in the future when we can do that. So with that, the Court will take sort of a stretch break here at the bench. And counsel for the second case can come on up. Thank you. Thank you, Your Honor.
judges: G. Steven Agee, Julius N. Richardson, Allison J. Rushing